**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In re* HRN GROUP, LLC,<br><br>     Debtor.<br><br>HRN GROUP, LLC,<br><br>     Appellant,<br><br>          v.<br><br>ALDRIDGE PITE, LLP,<br><br>     Appellee. | Bankruptcy Case No.<br>18-63282-WLH<br><br><br>Civil Action No.<br>1:20-cv-00704-SDG |

**ORDER TO SHOW CAUSE**

This matter is before the Court on its *sua sponte* review of the record. **Within 30 days after entry of this Order**, Appellant HRN Group, LLC ("HRN") is **DIRECTED** to comply with the instructions contained herein. Failure to do so will result in the **dismissal of this appeal with prejudice**.

**I.   BACKGROUND**

On December 30, 2019, HRN filed a notice of appeal from a December 18, 2019 order dismissing Aldridge Pite, LLP (the Appellee here) from an adversary proceeding brought by HRN.[1] The bankruptcy court construed HRN's "Affidavit

---

[1]   ECF 1-1, at 1. *See also id.* at 12–26 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding 19-5312-WLH, Dec. 18, 2019 Order Dismissing Case as to Aldridge Pite, LLP).

of Opposition" to that order[2] as a motion for reconsideration, which it denied on February 13, 2020.[3] Accordingly, the appeal was not docketed until February 14, 2020, pursuant to Fed. R. Bankr. P. 8002(b)(2).[4]

On this appeal, HRN is attempting to proceed "pro se" through Jason J. Morton as "Power of Attorney in fact" of HRN or "Beneficial Interest Holder and Executor."[5] There is no indication that Morton is an attorney admitted to practice in this Court. Nor is there any attorney of record representing HRN.

In addition, HRN seeks to proceed *in forma pauperis* ("IFP")—that is, without the prepayment of court fees.[6] Morton provided an affidavit of indigence with the notice of appeal, although it is unclear whether he is attesting to his own indigence or that of HRN.[7] Regardless, HRN is not entitled to IFP status because it is not a

---

[2] ECF 1-1, at 44–59 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding 19-5312-WLH, Aff. of Pls.' Opp. to Order for Mot. to Dismiss Aldridge Pite, LLP, Demand to Set Aside Order, No Fair Trial Without Discovery and Denial of Substantive Due Process of Law and Notice to Void Order).

[3] ECF 1-2 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding 19-5312-WLH, Feb. 13, 2020 Order Denying Motion to Reconsider Order Dismissing Case as to Aldridge Pite, LLP).

[4] ECF 1.

[5] *See, e.g.*, ECF 1-1, at 2, 68.

[6] ECF 4.

[7] *Compare* ECF 1-1, at 66 *with* ECF 4.

natural person. These failures to appear through counsel and to pay the filing fee prevent HRN from proceeding with its appeal.

## II. DISCUSSION

### a. Lack of Counsel

HRN, as a limited liability company, cannot proceed *pro se*—that is, it cannot represent itself in court. In order to proceed in this Court, HRN must be represented by counsel authorized to practice in this Court. As the Supreme Court noted nearly three decades ago,

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to ***all artificial entities***.

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (emphasis added) (citations omitted). *See also Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) (per curiam) (citing cases). Thus, the fact that HRN is a limited liability company rather than a corporation is of no import.

Moreover, HRN and Morton are clearly aware of this requirement. The passage below is taken directly from the United States Bankruptcy Court's order denying HRN's motion for reconsideration that is the subject of ***this appeal***:

> It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney. *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distr. Co.*, 748 F.2d 602, 609 (11th Cir. 1984). The Eleventh Circuit's position was reaffirmed in *Palazzo v. Gulf Oil Corporation*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986). The only proper representative is a licensed attorney, not an unlicensed layman, regardless of how close his association with the corporate entity. *Id.* The general rule applies even where the person seeking to represent the entity is its president or major stockholder. *Id.* The Georgia Court of Appeals has held that a Georgia limited liability company is a corporation that does require separate representation. *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713–14 (2006) (cites omitted).[8]

In response to Morton's argument that he is an "attorney in fact" such that HRN does not need separate counsel, the bankruptcy court further stated:

> Georgia law makes it "unlawful for any person other than a duly licensed attorney at law . . . [t]o render legal services of any kind in actions or proceedings of any nature[.]" O.C.G.A. § 15-19-51(a)(6). As a result, "[t]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." *Barker v. JP Morgan Chase Bank*,

---

[8] ECF 1-2, at 4–5 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding No. 19-5312-WLH, Feb. 13, 2020 Order Denying Motion to Reconsider Order Dismissing Case as to Aldridge Pite, LLP at 4–5). *See also* ECF 1-1, at 14–15 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding 19-5312-WLH, Dec. 18, 2019 Order Dismissing Case as to Aldridge Pite, LLP 3–4).

>No. 1:15-CV-4469-RWS-JFK, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016) (citations omitted). As other courts have explained, a person holding a power of attorney may be an attorney in fact but not an attorney at law permitted to practice in the courts. *See Foster v. Sligar (In re Foster)*, BAP No. EC-11-1706-KiDJu, 2012 WL 6554718, at *4–6 (9th Cir. B.A.P. December 14, 2012) (holding that plaintiff's nonlawyer daughter, acting as attorney-in-fact, was not authorized to sign a complaint on behalf of her mother); *Hawaii v. Cabebe (In re Cabebe)*, Nos. 15-01446, 16-90011, 2017 WL 2062850 (Bankr. D. Haw. May 11, 2017) (individual purportedly acting as "attorney in fact" was not an attorney licensed to practice law in Hawaii, or anywhere else, and could not act as an attorney); *Shafer v. Bremby*, No. 3:12CV00039(AWT), 2013 WL 12291027, at *1 (D. Conn. Apr. 11, 2013) (same).[9]

This Court now reiterates what HRN has been told numerous times: In order to proceed in this Court, HRN must be represented by counsel admitted to practice in this Court. *Davis*, 612 F. App'x at 976–77 (holding that corporation should be provided opportunity to obtain counsel before dismissal of its appeal) (citing cases).

---

[9] ECF 1-2, at 5 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding No. 19-5312-WLH, Feb. 13, 2020 Order Denying Motion to Reconsider Order Dismissing Case as to Aldridge Pite, LLP at 5) (alterations in original).

### b. Failure to Pay Filing Fees

On February 27, 2020, HRN filed its Motion for Permission to Appeal IFP.[10] And, although the motion used the form for an appeal to the Eleventh Circuit, under 28 U.S.C. § 158(a), appeals of orders from the bankruptcy court are first heard by this Court rather than the Court of Appeals. While 28 U.S.C. § 1930 permits the district court to waive certain fees in Chapter 7 bankruptcy cases (such as the one filed by HRN), this provision permits such waivers only for individuals—*i.e.*, natural persons. 28 U.S.C. § 1930(f)(1) ("[T]he district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an *individual* if the court determines that such *individual* has income less than 150 percent of the income official poverty line . . . .") (emphasis added).

Given the inapplicability of Section 1930, another possibility to proceed IFP might be found in Section 1915. *Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 977–78 (7th Cir. 2020) (indicating that Section 1930(f) does not apply in Chapter 13 cases but that, in extraordinary circumstances, such debtors might be able to proceed IFP under 28 U.S.C. § 1915). HRN cannot, however, avail itself of this statute either. Section 1915(a)(1) states:

---

[10]   ECF 4.

> [A]ny court of the United States may authorize the commencement . . . of any suit, action, or proceeding . . . or appeal therein without payment of fees and costs or security therefor, by *a person who* submits an affidavit that includes a statement of all assets such [a person] possesses that the person is unable to pay such fees or give security therefor.

(Emphasis added.) *See also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (recognizing that § 1915 applies to non-prisoner litigants). The Supreme Court has interpreted this language to apply only to natural persons. *Rowland*, 506 U.S. at 196 (holding that only natural persons may qualify for IFP treatment under 28 U.S.C. § 1915); *ReadyCap Lending, LLC v. Alliance for Change Through Treatment*, LLC, Civ. A. No. 1:18-cv-03709-CC-RGV, 2017 WL 4500280 (Aug. 15, 2018), *report and recommendation adopted by* 2018 WL 4482061 (N.D. Ga. Sept. 6. 2018).

As a limited liability company, HRN is not a natural person and is not permitted to proceed IFP under Section 1930 or Section 1915. Accordingly, it must pay the filing fee or see its appeal dismissed. *Owens v. GMAC Mortg. (In re Owens), LLC*, 458 F. App'x 836, 838 (11th Cir. 2012) (per curiam) (finding no abuse of discretion where district court dismissed bankruptcy appeal because individual debtor failed to pay required filing fee or to file an application to proceed IFP); *Arnold v. Mortg. Elec. Registration Sys. (In re Arnold)*, 166 F. App'x 424 (11th Cir.

2006) (finding no abuse of discretion where district court dismissed Chapter 7 bankruptcy appeal because debtor failed to pay filing fee).

## III. CONCLUSION

HRN is not entitled to pursue its appeal without being represented by counsel authorized to practice in this Court and paying the required filing fee. Within 30 days after entry of this Order, HRN is **ORDERED** to **(1)** file a notice of appearance of counsel on its behalf and **(2)** pay the required filing fee. Failure to comply with these directives will result in dismissal of this action with prejudice. Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

The Clerk is **DIRECTED** to resubmit this Order to the Court in 30 days.

**SO ORDERED** this the 21st day of July 2020.

                                                                    Steven D. Grimberg
                                                          United States District Court Judge