**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In re* HRN GROUP, LLC,<br>    Debtor.<br><br>HRN GROUP, LLC,<br>    Appellant,<br>          v.<br>ALDRIDGE PITE, LLP,<br>    Appellee. | Bankruptcy Case<br>No. 18-63282-WLH<br><br>Adversary Proceeding<br>No. 19-5312-WLH<br><br>Civil Action No.<br>1:20-cv-00704-SDG |

**OPINION AND ORDER**

HRN Group, LLC (HRN) appeals [ECF 1] from an order of the Northern District of Georgia Bankruptcy Court dismissing Appellee Aldridge Pite, LLP (AP) from an adversary proceeding initiated by HRN (the Dismissal Order) and denying HRN's motion for reconsideration of the Dismissal Order (the Reconsideration Order).[1] For the following reasons, this Court **AFFIRMS** the bankruptcy court's rulings.

**I.     BACKGROUND**

On August 7, 2018, HRN filed a voluntary petition for Chapter 7 bankruptcy.[2] On October 1, 2019, HRN initiated an adversary proceeding against

---

1   ECF 1-1, at 12–26 (Dismissal Order); ECF 1-2 (Reconsideration Order).

2   Bankr. Case No. 18-63282-wlh (Bankr. N.D. Ga.) (Bankr. Docket), ECF 1.

various parties—including AP (a law firm)—seeking "relief from mortgage loan foreclosure/sale/eviction/ejection activity" at numerous parcels of real property located in Lithonia, Georgia and Hempstead, New York.[3] The allegations against AP in the adversary action are as follows.

In Count 1, HRN alleged that AP and Wells Fargo sought relief from the automatic bankruptcy stay in order to conclude a dispossessory proceeding on real property located on Meadow Creek Path, Lithonia, Georgia.[4] The bankruptcy judge granted the request in favor of Wells Fargo.[5] HRN did not appeal that order.[6] In the adversary complaint, HRN contended that the bankruptcy court's order lifting the stay as to Wells Fargo was in violation of various laws including the Sherman Antitrust Act.[7]

---

[3] ECF 5-1, at 4 ¶ 1.

[4] *Id.* at 5, ¶ 7.

In fact, the motion seeking relief from the stay was filed by AP as counsel for Wells Fargo. AP did not seek relief on its own behalf. *Id.* at 19–21.

[5] *Id.* at 5, ¶ 8. *See also* Bankr. Docket ECF 27 (Oct. 2, 2018 order granting Wells Fargo relief from stay).

[6] *See generally* Bankr. Docket.

[7] ECF 5-1, at 5 ¶ 8.

According to the bankruptcy court's dismissal order, Wells Fargo had foreclosed on the property before HRN initiated its bankruptcy proceeding and the issue to be resolved was possession. ECF 5-51, at 2.

HRN also alleged in Count 3 that, on behalf of Carrington Mortgage Services and Wilmington Savings Fund Society, AP scheduled a foreclosure sale on real property located on Katelyn Park in Lithonia, despite knowing that the property was part of the bankruptcy estate.[8] HRN further contended that AP sought relief from the automatic bankruptcy stay, but that Carrington and Wilmington were not legitimate creditors.[9] HRN appealed the bankruptcy court's order lifting the stay as to Wilmington, which order was ultimately affirmed by this Court.[10]

On December 18, 2019, the bankruptcy court dismissed the claims against AP.[11] On December 30, HRN filed its "Affidavi[t] of Plaintiffs' Opposition to Order for Motion to Dismiss Aldridge Pite, LLP, Demand to Set Aside Order, No Fair Trial Without Discovery and Denial of Substantive Due Process of Law and Notice to Void Order."[12] The bankruptcy court treated that filing as a motion for reconsideration under Rule 59(e) or to alter the judgment under Rule 60(b) and, on

---

[8]   ECF 5-1, at 9 ¶ 16.

[9]   *Id.* ¶ 17.

   The motion seeking relief from the stay was filed by AP as counsel for Wilmington. AP did not seek relief on its own behalf. *Id.* at 78–80.

[10]  Case No. 1:19-cv-05011-SDG (N.D. Ga.), ECF 24.

[11]  ECF 5-51.

[12]  ECF 6-4.

February 13, 2020, denied it.[13]

Because of the motion for reconsideration, HRN's notice of appeal (which had been filed on December 30, 2019) was treated as having been filed once the bankruptcy court issued its order denying reconsideration.[14] HRN filed its appellant's brief on September 24, 2020.[15] AP responded on October 26.[16] HRN replied on November 9.[17]

## II.    APPLICABLE LEGAL STANDARDS

### a.    Scope of the appeal

This Court has jurisdiction over HRN's appeal under 28 U.S.C. 158(a), which provides that district courts may hear appeals from final judgments, orders, and decrees of bankruptcy judges. Under Federal Rule of Bankruptcy Procedure

---

[13]   ECF 6-23.

[14]   *See generally* ECF 1; Fed. R. App. 4(a)(4)(A)(iv).

   Given the appearance of counsel on HRN's behalf in this appeal, the Court treats the notice of appeal as having been timely even though the filing was not made by an attorney. *Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) ("[O]ur binding precedent instructs that a court facing such a circumstance should afford a corporation the opportunity to obtain counsel *before* dismissing its appeal.") (footnote omitted) (citations omitted).

[15]   ECF 26.

[16]   ECF 28.

[17]   ECF 29.

8003(a)(3), a notice of appeal must—among other things—be accompanied by the order that is being appealed. Further, the notice of appeal must be filed within 14 days after entry of the order from which appeal is taken. Fed. R. Bankr. P. 8002(a)(1). *See also* 28 U.S.C. § 158(c)(2).

The only orders included with the notice of appeal were the Dismissal Order and the Reconsideration Order.[18] AP is the only appellee identified in the notice.[19] Despite this, HRN's Appellant's Brief also identifies numerous other entities and individuals as "appellees."[20] Although some of them may be appellees in separate appeals filed by HRN, only AP is an appellee here.[21] Moreover, the vast majority of HRN's opening brief appears unrelated to the orders that are actually the subject of this appeal.[22] For instance, HRN's statement of jurisdiction suggests that this appeal concerns the bankruptcy court's orders staying pretrial deadlines in the

---

[18] ECF 1-1, at 12–26; ECF 1-2.

[19] ECF 1-1, at 1.

[20] ECF 26, at 2.

[21] *Compare* Case Nos. 1:19-cv-05011-SDG, 1:20-cv-00699-SDG, 1:20-cv-00702-SDG (N.D. Ga.).

[22] *See generally* ECF 26.

The Court notes that HRN has separately appealed other orders of the bankruptcy court. Case Nos. 1:20-cv-0699-SDG and 1:20-cv-0702-SDG. To the extent HRN's arguments may relate only to the matters at issue in those appeals, the Court expresses no opinion on them here.

adversary proceeding and dismissing all named defendants from that action.[23] The statement of issues, among other things, (1) contends "Appellees" are not true creditors of HRN; (2) seeks rescission of all orders entered by the bankruptcy court; and (3) insists that "Appellees should be compelled to fulfill" HRN's discovery requests propounded under Georgia state law.[24] HRN's brief then expounds upon those issues.[25] The brief also devotes a large section to alleged misconduct in connection with a proceeding in the United States Bankruptcy Court for the Eastern District of New York.[26] Only the Dismissal and the Reconsideration Orders, however, are the subject of this appeal.

### b.     Standard of review

In a bankruptcy appeal, this Court "functions as an appellate court" and is not authorized "to make independent factual findings." *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1383–84 (11th Cir. 1990) (citations omitted). It reviews determinations of law *de novo* and applies clearly erroneous review to factual determinations. *Id.* at 1383. *See also Graupner v. Nuvell Credit Corp.*

---

[23]   ECF 26, at 5. *See also id.* at 6.

[24]   *Id.* at 7.

[25]   *See, e.g., id.* at 7–16.

[26]   *See, e.g.*, ECF 26, at 11–14.

*(In re Graupner)*, 537 F.3d 1295, 1299 (11th Cir. 2008) ("The factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous; however, conclusions of law made by either the bankruptcy court or the district court are subject to *de novo* review.") (citing *Sublett*, 895 F.2d at 1383).

## III. DISCUSSION

### a. The bankruptcy court correctly dismissed the adversary proceeding as to AP.[27]

HRN's brief makes numerous new factual arguments about the propriety of AP's (and others') conduct. But the Dismissal Order considered the sufficiency of the allegations that were actually made in the adversary complaint, not what HRN might wish it had pleaded.

#### *i.* The adversary complaint did not satisfy federal pleading standards.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation

---

[27] The Court would generally consider jurisdictional questions, including whether the bankruptcy court properly concluded it would abstain from hearing this case, first. However, given the other compelling reasons to affirm the Dismissal and Reconsideration Orders and the fact that the parties did not brief these jurisdictional issues, the Court declines to address them here.

of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint fails to state a claim when it does not "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'") (alteration in original) (footnote omitted) (quoting 5 Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. at 680–85; *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable

for the conduct alleged. *Am. Dental Ass'n,* 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.,* 355 F. App'x 318, 322 (11th Cir. 2009) (internal quotation marks omitted) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

Even reading the adversary complaint's allegations against AP broadly, the pleading at most suggests that AP sought to lift the automatic bankruptcy stay for improper purposes. The complaint does not contain a "short and plain statement"

explaining why HRN is entitled to relief against *counsel* for entities that sought relief from the stay. The allegations are full of labels and conclusions, without any specific identification of how AP's conduct violated any law or gives HRN a cause of action. There are no plausible allegations that, by seeking (or obtaining) relief from the stay on behalf of its clients, AP engaged in any improper behavior.

> ii. **Despite numerous warnings, HRN insisted on attempting to proceed without counsel.**

As the Supreme Court noted nearly three decades ago,

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to ***all artificial entities***.

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (emphasis added) (citations omitted). *See also Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) (per curiam) (citing cases). Accordingly, limited liability companies must be represented by attorneys-at-law authorized to practice in the relevant court. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

The Dismissal Order describes in detail the numerous steps the bankruptcy court took to advise HRN that it had to be represented by counsel, to allow Danitta-Ross Morton to speak in court on HRN's behalf even though she is not an

attorney, and to provide HRN with additional time to obtain counsel.[28] Nothing about that court's recitation of these facts is clearly erroneous. *Equitable Life Assurance*, 895 F.2d at 1383. In spite of the bankruptcy court's repeated admonitions, no attorney ever appeared as counsel of record for HRN in the adversary proceeding.[29] Under these circumstances, the bankruptcy court had little option but to conclude that HRN could not pursue the adversary proceeding against AP. *United States v. High Country Broad. Co.*, 3 F.3d 1244 (9th Cir. 1993) (per curiam) (upholding entry of default judgment against corporate entity after it failed to retain counsel despite warning); *Sermor Inc. v. United States*, 13 Cl. Ct. 1 (Cl. Ct. 1987) (similar).

### b. The bankruptcy court correctly declined to reconsider its dismissal of AP from the adversary proceeding.

As it had done throughout the adversary proceeding, HRN filed its "Affidavi[t] of Plaintiffs' Opposition to Order for Motion to Dismiss Aldridge Pite, LLP, Demand to Set Aside Order, No Fair Trial Without Discovery and Denial of Substantive Due Process of Law and Notice to Void Order" (*i.e.*, the

---

[28] ECF 5-51, at 3–5.

This Court also warned HRN about its initial failure to appear on appeal through counsel. ECF 16.

[29] ECF 1-1, at 27–42.

Reconsideration Motion) on a "pro se" basis—without counsel.[30] For the reasons already discussed above, this was improper and the bankruptcy court could justifiably have declined to consider the request for reconsideration on this basis alone. *High Country Broad. Co.*, 3 F.3d 1244; *Sermor Inc.*, 13 Cl. Ct. 1.

In order for a court to reconsider a prior ruling under Federal Rule of Civil Procedure 59(e), a party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). Rule 59 applies to actions in the bankruptcy court. Fed. R. Bankr. P. 9023. A motion for reconsideration may not be used to show the court how it "could have done better," to present arguments already heard and dismissed, to repackage familiar arguments, or to offer new legal theories or evidence that could have been presented with the previous motion or response. *Bryan*, 246 F. Supp. 2d at 1259 (citing *Pres. Endangered Areas of Cobb's History Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)).

---

30   ECF 6-4.

Review of the denial of a motion under Rule 59 is for abuse of discretion. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996) (per curiam) (decision to alter or amend judgment is committed to sound discretion of judge), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997). "An abuse of discretion occurs when a court uses an incorrect legal standard, applies the law in an unreasonable or incorrect manner, misconstrues its proper role, follows improper procedures in making a determination, or makes clearly erroneous findings of fact." *Bagwell v. Bank of Am., N.A. (In re Bagwell)*, 741 F. App'x 755, 758 (11th Cir. 2018) (citation omitted).

Nothing in the Reconsideration Motion presented new evidence, demonstrated a change in the law, or showed an error of law or fact in the Dismissal Order. Rather, the motion was a textbook example of a party arguing how the bankruptcy court "could have done better" the first time around.[31]

Nor did HRN establish a basis for reversing the Dismissal Order under Rule 60(b), which is made applicable to bankruptcy actions under Federal Rule of Bankruptcy Procedure 9024. Under Rule 60(b), a court may relieve a party from a final judgment or order for (among other reasons) (1) mistake; (2) newly

---

[31] *See generally* ECF 1-2, at 4–8.

discovered evidence; (3) fraud; (4) a void judgment; (5) satisfaction; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). Review of a denial of relief under Rule 60(b) is also for abuse of discretion. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) ("[I]t is not enough that a grant of the [Rule 60(b)] motions might have been permissible or warranted; rather, the decision to deny the motions . . . must have been sufficiently unwarranted as to amount to an abuse of discretion." (quoting *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (alterations and omissions in original)). The bankruptcy court did not abuse its discretion in concluding that HRN had not demonstrated any of these reasons.[32]

## IV. CONCLUSION

There was no error of fact or law in the Dismissal Order or Reconsideration Order that undermines their ultimate conclusion: that AP was due to be dismissed from the adversary proceeding. Any arguments presented by HRN that are not specifically addressed in this Order are not sufficiently cogent to merit discussion or to demonstrate any impropriety in AP's dismissal from the adversary proceeding. Accordingly, the bankruptcy court's orders are **AFFIRMED**.

---

[32] *Id.* at 8–9.

The Clerk is **DIRECTED** to **DISMISS** this appeal and close the case.

**SO ORDERED** this the 18th day of February 2021.

                                                Steven D. Grimberg
                                  United States District Court Judge